CAROLYN A. DYE (SBN 97527)
15030 Ventura Blvd.
Suite 527
Sherman oaks, CA 91403
Telephone: 818/287-7003
Facsimile: 323/987-5763
Email: trustee@cadye.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:22-16624-WB |
| | )        [Chapter 7] |
| GLOBAL MERCH GROUP, LLC, | ) |
| | ) TRUSTEE'S MOTION FOR DISMISSAL |
|                    Debtor. | ) OF CASE [U.S.C. §105,323, 343 |
| | ) and 521(e)2(A)F.R.B.P.9019 and |
| | ) Local Rule 9013-1(a)(1)7; |
| | ) DECLARATION OF CAROLYN A. DYE |
| | ) IN SUPPORT THEREOF |
| | ) |
| | ) Date: May 18, 2023 |
| | ) Time: 2:00 p.m. |
| | ) Place: Courtroom 1375 |
| | )        255 East Temple Street |
| _____ ) | Los Angeles, CA 90012 |

TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE;

UNITED STATES TRUSTEE, DEBTOR, ALL CREDITORS AND OTHER PARTIES IN

INTEREST:

     The Chapter 7 Trustee herein, Carolyn A. Dye ("Trustee")

moves the Court for an Order dismissing the case for the reasons

stated below.

///

///

**FACTUAL BACKGROUND**

1.   Global Merch Group, LLC, filed a chapter 11 case on December 5, 2022. The case was converted to a Chapter 7 on January 23, 2023 pursuant to a Stipulation between the Debtor and the Office of the U.S. Trustee filed on January 13 2023, approved by order entered on January 23, 2023 (Docket No. 34).

2.   Trustee was appointed Chapter 7 Trustee for the Debtor on January 23, 2023, and accepted that appointment on January 25, 2023.

3.   The initial 341(a) Meeting of Creditors was scheduled for March 7, 2023 at 11:00 a.m. The attorney who filed the case, Michael Andrew Bowse, appeared for the Debtor in his capacity as "Executive General Counsel." No other person appeared at that meeting. At that meeting he testified that:

    (i)     The company had never had any operations or activity;

    (ii)    It was formed in Nevada and registered to do business in California as reflected in Exhibit A.

    (iii)   It was owned by another LLC, called Mapleton Capital, LLC;

    (iv)   The address in California used by the Debtor was that of the Mapleton Capital Group LLC., in Vernon, California.

4. There were no assets listed in the schedules and only one creditor listed, a "Judgment," in the amount of $2,541,205.00, in favor of New High Ltd., a creditor listed as having an address in Hong Kong.

///

5.  The Debtor did not produce a tax return, federal or state even though it was formed in Nevada in August 5, 2021 and should have filed returns for 2012 and 2022.

6. Due to the obvious conflict of interest, an attorney who represents the entity is not a proper entity representative and no other person was produced.

7.    Attached as Exhibit B is a correct copy of First Amended Counterclaim filed on November 30, 2022, by the only listed creditor of the Debtor, in the District Court, Central District of California, Case No. 2:22-cv-06031-CAS-PVC. In that counterclaim New High asserts that an entity named "Global Merch Group, LLC" filed a Certificate of Amendment with the Secretary of State of Texas changing its name to "Global Med Group, LLC," but continued to do business as "Global Merch Group, LLC" by, at a minimum, funneling funds through the bank account maintained by Global Merch Group, LLC.

8. Based on these allegations, and the dates of formation of the similarly named LLC entities, the Debtor entity is not a entity subject to the New High claim, leaving the Debtor with no scheduled creditors.

9.  On the basis of the foregoing, Trustee concludes that there are no assets and no claims against this Nevada formed Debtor and this case was filed to delay the proceedings in the District Court.

10. For purposes of clarity and to leave no doubt that the counterclaim filed by New High is not subject to the automatic stay otherwise in effect in this case.

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

<u>The Court May Dismiss The Case</u>.

Trustee submits that the purpose of filing of this case was to simply confuse the District Court and delay that proceeding. No other creditors being listed than New High and no assets listed, the case serves no purpose. Further, having produced no tax return, the Debtor has not complied with its duty to produce a tax return which is one often duties required to be acquitted by a Debtor in its duty to cooperate with the Trustee under Section 521 of the Bankruptcy Code. Failure to cooperate is grounds for dismissal of a case, which the Court may do after notice and hearing.  Fed. R. Bank. Proc. 1017(c).

Trustee has provided the Debtor's attorney, who appeared for the Debtor and its principal, notice and opportunity to object to this dismissal. Since attorney appeared, whether rightly or wrongly as the Debtor's representative, Trustee cannot dismiss this case by filing "Trustee's Request to Dismiss Chapter 7 Debtor for Failure to Appear at Section 341(a) Meeting of Creditors." Filing a Report of No Asset is also inappropriate given the lack of any creditor of this entity. Thus, this Motion is necessary to clear the case from the Trustee's calendar and the Court's docket.

Although the Court has the power to issue orders to require cooperation, seeking that would appear to be a futile exercise in these circumstances.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For all these reasons, Trustee requests that this case be dismissed.

Respectfully Submitted,

_____
Carolyn A. Dye, Chapter 7 Trustee

**DECLARATION OF CAROLYN A. DYE**

I, Carolyn A. Dye, declare:

1.    I am the Chapter 7 Trustee appointed in this case. I have prepared the pleading to which this declaration is attached and all of the facts stated therein are true and correct.

2.    The factual matters set forth in paragraphs 1 through 10 are incorporated herein by this reference as if set forth in full.

3.    As of the date of this Declaration, I  have not received any information concerning any assets or other claimants that would require administration of this case. Nor have I received a tax return for the Debtor.

4.    The copies of the Exhibits attached hereto are true and correct copies of those documents.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 13th day of April, 2023 at Los Angeles, California.

_____
Carolyn A. Dye

-6-

**EXHIBIT A**



**Secretary of State**

**Application to Register a Foreign Limited Liability Company (LLC)**

**LLC-5**

FILED

Secretary of State
State of California

202122110190

Filing Number

08/05/2021

Filing Date

**This Space For Office Use Only**

---

**IMPORTANT — Read Instructions before completing this form.**

Must be submitted with a current Certificate of Good Standing issued by the government agency where the LLC was formed. See Instructions.

**Filing Fee – $70.00**

**Copy Fees –** First page $1.00; each attachment page $0.50; Certification Fee - $5.00

*Note:* Registered LLCs in California may have to pay minimum $800 tax to the California Franchise Tax Board each year. For more information, go to https://www.ftb.ca.gov.

---

**1a. LLC Name** (Enter the exact name of the LLC as listed on your attached Certificate of Good Standing.)

Global Merch Group, LLC

**1b. California Alternate Name, If Required** (See Instructions – Only enter an alternate name if the LLC name in 1a not available in California.)

---

**2.  LLC History** (See Instructions – Ensure that the formation date and jurisdiction match the attached Certificate of Good Standing.)

| **a. Date LLC was formed in home jurisdiction** (MM/DD/YYYY) | **b. Jurisdiction** (State, foreign country or place where this LLC is formed.) |
|---|---|
| 8 / 5 / 2021 | Nevada |

**c. Authority Statement** (Do not alter Authority Statement)

This LLC currently has powers and privileges to conduct business in the state, foreign country or place entered in Item 2b.

---

**3.  Business Addresses** (Enter the **complete** business addresses. Items 3a and 3b cannot be a P.O. Box or "in care of" an individual or entity.)

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Executive Office - **Do not enter a P.O. Box**<br>6671 S Las Vegas Blvd., Suite D210 | Las Vegas | NV | 89119 |
| b. Street Address of Principal Office in California, **if any - Do not enter a P.O. Box**<br>2419 E. 28th St. | Vernon | CA | 90058 |
| c. Mailing Address of Principal Executive Office, **if different than item 3a**<br>2419 E. 28th St. | Vernon | CA | 90058 |

---

**4.  Service of Process** (Must provide either Individual **OR** Corporation.)

**INDIVIDUAL** – Complete Items 4a and 4b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION** – Complete Item 4c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 4a or 4b

C T Corporation System

---

**5.  Read and Sign Below** (See Instructions.  Title not required.)

By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized to sign on behalf of the foreign LLC.

Signature

Michael A. Bowse

Type or Print Name





# CERTIFICATE OF EXISTENCE
# WITH STATUS IN GOOD STANDING

I, Barbara K. Cegavske, the duly qualified and elected Nevada Secretary of State, do hereby certify that I am, by the laws of said State, the custodian of the records relating to filings by corporations, non-profit corporations, corporations sole, limited-liability companies, limited  partnerships, limited-liability partnerships and business trusts pursuant to Title 7 of the Nevada Revised Statutes which are either presently in a status of good standing or were in good standing for a time period subsequent of 1976 and am the proper officer to execute this certificate.

I further certify that the records of the Nevada Secretary of State, at the date of this certificate, evidence, **Global Merch Group, LLC**, as a DOMESTIC LIMITED-LIABILITY COMPANY (86) duly organized under the laws of Nevada and existing under and by virtue of the laws of the State of Nevada since 08/05/2021, and is in good standing in this state.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on  08/05/2021.

BARBARA K. CEGAVSKE
Secretary of State

Certificate Number: B202108051894361
You may verify this certificate
online at http://www.nvsos.gov

201122110190



**Secretary of State**

**Application to Register a Foreign Limited Liability Company (LLC)**

| LLC-5 |
| --- |

**FILED**

Secretary of State
State of California

**202122110190**

Filing Number

**08/05/2021**

Filing Date

**This Space For Office Use Only**

---

**IMPORTANT — Read Instructions before completing this form.**

Must be submitted with a current Certificate of Good Standing issued by the government agency where the LLC was formed. See Instructions.

**Filing Fee  –  $70.00**

**Copy Fees  –** First page $1.00; each attachment page $0.50; Certification Fee - $5.00

*Note:* Registered LLCs in California may have to pay minimum $800 tax to the California Franchise Tax Board each year.  For more information, go to  https://www.ftb.ca.gov.

---

**1a. LLC Name** (Enter the exact name of the LLC as listed on your attached Certificate of Good Standing.)

Global Merch Group, LLC

**1b. California Alternate Name, If Required** (See Instructions – Only enter an alternate name if the LLC name in 1a not available in California.)

---

**2.  LLC History** (See Instructions – Ensure that the formation date and jurisdiction match the attached Certificate of Good Standing.)

| a. Date LLC was formed in home jurisdiction (MM/DD/YYYY) | b. Jurisdiction (State, foreign country or place where this LLC is formed.) |
| --- | --- |
| 8  /  5  / 2021 | Nevada |

**c. Authority Statement** (Do not alter Authority Statement)

This LLC currently has powers and privileges to conduct business in the state, foreign country or place entered in Item 2b.

---

**3.  Business Addresses** (Enter the **complete** business addresses. Items 3a and 3b cannot be a P.O. Box or "in care of" an individual or entity.)

| | City (no abbreviations) | State | Zip Code |
| --- | --- | --- | --- |
| a. Street Address of Principal Executive Office - **Do not enter a P.O. Box**<br>6671 S Las Vegas Blvd., Suite D210 | Las Vegas | NV | 89119 |
| b. Street Address of Principal Office in California, **if any - Do not enter a P.O. Box**<br>2419 E. 28th St. | Vernon | **CA** | 90058 |
| c. Mailing Address of Principal Executive Office, **if different than item 3a**<br>2419 E. 28th St. | Vernon | CA | 90058 |

---

**4.  Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL –** Complete Items 4a and 4b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | | Suffix |
| --- | --- | --- | --- | --- |
| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | | State<br>**CA** | Zip Code |

**CORPORATION –** Complete Item 4c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 4a or 4b

C T Corporation System

---

**5.  Read and Sign Below** (See Instructions.  Title not required.)

By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized to sign on behalf of the foreign LLC.

_Signature_

Signature

Michael A. Bowse

Type or Print Name

**EXHIBIT B**

LAWRENCE J. HILTON (Bar No. 156524)
Email: lhilton@onellp.com
ALEC P. SCHULMAN (Bar No. 336491)
Email: aschulman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Defendant and Counterclaimant,
NEW HIGH LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MED GROUP, LLC, a Texas limited liability company,<br><br>      Plaintiff,<br><br>      v.<br><br>NEW HIGH LTD., a Hong Kong corporation,<br><br>      Defendant. | Case No. 2:22-cv-06031-CAS-PVC<br>Hon. Christina A. Snyder<br><br>**NEW HIGH LIMITED'S FIRST AMENDED COUNTERCLAIMS FOR:**<br>(1) **PROMISSORY FRAUD;**<br>(2) **FRAUDULENT TRANSFER (CAL. CIV. CODE § 3439.04(a));**<br>(3) **CONSPIRACY TO COMMIT FRAUDULENT TRANSFERS;** |
| NEW HIGH LIMITED, a Hong Kong corporation,<br><br>      Counterclaimant,<br><br>      v.<br><br>GLOBAL MED GROUP, LLC, a Texas limited liability company; DANIEL GUEZ, an individual; ANDREANA BOSILCIC, an individual; DELFERN HOLDINGS, LLC, a California limited liability company; and MAPLETON CAPITAL, LLC, a Nevada limited liability company,<br><br>      Counter-Defendants. | (4) **BREACH OF WRITTEN CONTRACTS (ALTER EGO LIABILITY)**<br>(5) **ACCOUNT STATED (ALTER EGO LIABILITY);**<br>(6) **GOODS SOLD AND DELIVERED (ALTER EGO LIABILITY)**<br><br>**DEMAND FOR JURY TRIAL** |

---

1        For its Counterclaims against Plaintiff and Counter-Defendant Global Med

2    Group, LLC and Counter-Defendants Daniel Guez, Andreana Bosilcic, Delfern

3    Holdings, LLC, and Mapleton Capital, LLC (collectively, "Counter-Defendants"),

4    Defendant and Counterclaimant New High Limited alleges as follows:

5                        **JURISDICTION AND VENUE**

6       1.    This Court has jurisdiction over the subject matter of these

7    counterclaims pursuant to 28 U.S.C. § 1332(a)(2), in that the action involves a

8    foreign corporation alleging claims against counter-defendants that are United States

9    citizens and companies incorporated in the United States, and the amount in

10    controversy exceeds $75,000, exclusive of interests and costs.

11       2.    This Court has personal jurisdiction over Counter-Defendants because

12    each of the Counter-Defendants reside in, have their principal place of business in,

13    and/or are incorporated in California, and/or whose members reside in California.

14    Further, this Court has personal jurisdiction over Defendant Mapleton Capital, LLC

15    ("Mapleton") because Defendant Mapleton conducted multiple and continuous

16    transactions within this judicial district and the claims that underlie these Amended

17    Counterclaims arose out of those transactions.  Mapleton is further subject to

18    specific personal jurisdiction in this Court because Mapleton committed specific

19    intentional acts, including conspiring with other Counter-Defendants to receive

20    fraudulent transfers, and actually receiving fraudulent transfers, from an entity

21    located in California, which caused harm that Mapleton knew was likely to be

22    suffered in California.

23       3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in

24    that the Counter-Defendants reside in, have their principal place of business in,

25    and/or are incorporated in, and/or whose members/officers reside in this district.

26    Further, venue is also proper in this district under 28 U.S.C. § 1391(b)(2) in that a

27    substantial part of the events or omissions giving rise to the claim occurred in this

28    district.

**FIRST AMENDED COUNTERCLAIMS**

**THE PARTIES**

4.    Counterclaimant New High Limited ("New High" or "Counterclaimant") is a foreign corporation organized and existing under the laws of Hong Kong and having its principal place of business in Hong Kong.  New High is in the business of selling apparel and personal protective equipment ("PPE"), including the exportation of apparel and PPE into the United States and into the State of California.

5.    Counterclaimant is informed and believes and, on that basis, alleges that Counter-Defendant Global Med Group, LLC ("Global Med") is a limited liability company organized under the laws of the State of Texas, having its principal place of business in Los Angeles, California.  New High is informed and believes and, on that basis, alleges that Global Med's current status with the Texas Secretary of State is "Forfeited existence."  Counterclaimant is informed and believes, and on that basis alleges, that all of Global Med's members maintain their domicile in one or more states in the United States.

6.    Counterclaimant is informed and believes and, on that basis, alleges that Counter-Defendant Daniel Guez ("Guez") is an individual who resides in and maintains his domicile in the County of Los Angeles.

7.    Counterclaimant is informed and believes and, on that basis, alleges that Counter-Defendant Delfern Holdings, LLC ("Delfern") is a limited liability company organized and existing under the laws of the State of California, and doing business and having its principal office in the County of Los Angeles.

8.    Counterclaimant is informed and believes and, on that basis, alleges that Counter-Defendant Andreana "Andi" Bosilcic ("Bosilcic") is an individual who resides in and maintains her domicile in the County of Los Angeles.

9.    Counterclaimant is informed and believes and, on that basis, alleges that Counter-Defendant Mapleton is a limited liability company organized and existing under the laws of the State of Nevada, and doing business and having its

3

**FIRST AMENDED COUNTERCLAIMS**

1   principal office in Clark County, Nevada. Counterclaimant is further informed and

2   believe and, on that basis, alleges that Counter-Defendants Bosilcic and Guez are

3   members of Mapleton and that Bosilcic is the Managing Member.

4                 **COUNTER-DEFENDANTS' CORPORATE SHELL GAME**

5          10.   On May 14, 2019, an entity known as Global Merch Group, LLC was

6   formed as a limited liability company under the laws of the State of Texas. In its

7   filings with the Texas Secretary of State, Global Merch Group, LLC identified

8   Counter-Defendant Guez as its manager and also as its director.

9          11.   On July 12, 2019, Global Merch Group, LLC opened an account at

10  Wells Fargo Bank, N.A. (the "Global Merch Wells Fargo Account"). The

11  individuals authorized to sign for the Global Merch Wells Fargo Account were

12  Counter-Defendants Guez and Bosilcic, who each signed the application with the

13  statement that they were "an Owner with Control of the Entity."

14         12.   On April 22, 2020, Global Merch Group, LLC filed a Certificate of

15  Amendment with the Texas Secretary of State, by which the entity changed its name

16  to Global Med Group, LLC. Counter-Defendant Guez signed the Certificate of

17  Amendment.

18         13.   On September 9, 2020, Global Med Group, LLC filed an application to

19  register a foreign limited liability company (LLC) with the California Secretary of

20  State. Counter-Defendant Guez signed Global Med's Application, and Counter-

21  Defendant Bosilcic is identified as its registered agent.

22         14.   As further alleged hereinbelow, despite the name change orchestrated

23  by Guez and Bosilcic, Global Med continued to do business and to hold itself out as

24  "Global Merch Group, LLC," even though that entity no longer existed. But Global

25  Med did not change the name on the Global Merch Wells Fargo Account.

26         15.   On August 5, 2021, an entity known as Global Merch Group, LLC was

27  formed as a limited liability company under the laws of the State of Nevada. In its

28

                                        4

1    filings with the Nevada Secretary of State, Global Merch Group, LLC identified

2    Counter-Defendant Delfern as its manager.

3      16. On November 4, 2020, an entity known as Mapleton Capital, LLC was

4    formed as a limited liability company under the laws of the state of Nevada. In its

5    filings with the Nevada Secretary of State, Mapleton identifies Counter-Defendant

6    Bosilcic as its manager and Counter-Defendant Guez as a member.

7       **COUNTER-DEFENDANTS' TRANSACTIONS WITH NEW HIGH**

8      17. New High began doing business with the entity calling itself Global

9    Merch Group, LLC in or around January 2020.  An example of the initial

10   transactions between the parties is the transaction initiated on April 15, 2020, when

11   Guez sent an email to New High's CEO, Charles Pi, attaching two purchase orders,

12   Nos. 033077 and 033078, respectively, for delivery of Health Pro N95 Particulate

13   Respirator Masks.  The purchase orders were issued with "Global Med" logos, with

14   delivery to be made to "Global [sic] Merch Group, LLC" at 2419 E. 28th Street,

15   Vernon, California (the "Global Merch Address").  The "Buyer" is identified as

16   "Daniel Guez."

17     18. At the time Mr. Guez emailed the above-referenced purchase orders to

18   New High, there was no actual entity known as "Global Med," and there was only

19   one entity in existence with the name "Global Merch Group, LLC," which was the

20   Texas entity.

21     19. Beginning on April 22, 2020, and continuing through August 5, 2021,

22   there was no existing entity known as "Global Merch Group, LLC," as the Texas

23   entity had changed its name to "Global Med Group, LLC," and the Nevada entity

24   had not yet been formed.  Notably, when Guez changed the entity's name to Global

25   Med Group, LLC, he and Bosilcic took steps to blur and confuse the true identity of

26   the entity.  Instead of continuing to issue purchase orders with the logo "Global

27   Med," which was the new (and now correct) name, Guez and Bosilcic began using

28   the logo of the old (and now incorrect) name: Global Merch Group, LLC.  And

1  Guez and Bosilcic continued to send these purchase orders to New High, identifying

2  Bosilcic as "Buyer" and ordering delivery of the goods to be delivered to "Global

3  Merch Group, LLC" at the Global Merch Address.  The purchase orders also

4  directed billings to be submitted to that address.  Each of the purchase orders

5  included a description of the apparel and PPE, the quantities, the unit price and the

6  total price.

7       20.    Each time New High shipped products to what it was told was Global

8  Merch Group, LLC, New High provided an invoice that included information about

9  the number of pieces shipped, a specific description of the goods, the unit price and

10  total amount due, and payment instructions.

11       21.    For approximately two years, New High was paid the amounts reflected

12  in its invoices.  However, beginning with New High's invoices issued in February

13  2021 and thereafter, New High received no payment in response to its invoices

14  except that, on a small fraction of the invoices, partial payments were made in order

15  to induce New High to continue shipping goods.

16       22.    New High was not paid for sales of the apparel and PPE delivered to

17  "Global Merch Group, LLC" in the amount of $1,451,168.49, exclusive of interest

18  and costs.

19       23.    Guez and Bosilcic, purporting to act on behalf of Global Merch Group,

20  LLC also wrongfully cancelled purchases for goods with an agreed value of

21  $176,797.70 after the goods were produced by New High and identified to contracts

22  with an entity identified by Guez and Bosilcic as Global Merch Group, LLC.

23       24.    In July 2021, again using the name Global Merch Group, LLC, Guez

24  and Bosilcic issued purchase orders (the "WIP Purchase Orders") to New High for

25  additional apparel with a value of $672,470.80 (the "WIP Goods").  Like the prior

26  purchase orders, the WIP Purchase Orders identified Bosilcic as "Buyer" and

27  ordered delivery of the goods to "Global Merch Group, LLC" at the Global Merch

28  Address.

6

FIRST AMENDED COUNTERCLAIMS

1     25.    Following New High's receipt of the WIP Purchase Orders, the WIP

2 Goods were identified to the contracts created by Guez and Bosilcic's issuance of

3 Purchase Orders under the name Global Merch Group, LLC. The WIP Goods were

4 custom goods made specially to conform with the WIP Purchase Orders issued by

5 Guez and Bosilcic under the name Global Merch Group, LLC.

6     26.    New High made multiple written demands on Guez and Bosilcic to pay

7 the balances due for the apparel and PPE that had been delivered pursuant to the

8 WIP Purchase Orders Guez and Bosilcic sent under the name Global Merch Group,

9 LLC. Neither Guez, Bosilcic or anyone purporting to act on behalf of "Global

10 Merch Group, LLC" ever disputed any of New High's invoices. In fact, in order to

11 induce New High to ship more goods, Guez made excuses and promised New High

12 that payments on the unpaid invoices would be forthcoming. Among the many

13 excuses offered by Guez was that Global Merch Group, LLC had a large receivable

14 from TJ Maxx. Guez promised that as soon as TJ Maxx started paying, Global

15 Merch Group, LLC would pay New High's bills. That statement was false, as TJ

16 Maxx made several large payments totaling more than $1.9 million, and each time a

17 payment was received from TJ Maxx into the Global Merch Wells Fargo Account,

18 the money was immediately transferred to Global Med.

19     27.    New High's last payment demand was made on November 2, 2021, but

20 neither Guez, Bosilcic, nor anyone purporting to act on behalf of "Global Merch

21 Group, LLC" ever paid the amounts due to New High. New High then cancelled

22 delivery of the WIP Goods and made commercially customary efforts to resell the

23 goods, but was unable to resell the goods.

24             **A $2.5 MILLION JUDGMENT IS ENTERED AGAINST**

25            **GLOBAL MERCH GROUP, LLC IN A RELATED CASE**

26     28.    On December 10, 2021, New High commenced an action in this Court

27 entitled *New High Limited v. Global Merch Group, LLC*, Case No. 2:21-cv-09608-

28

**FIRST AMENDED COUNTERCLAIMS**

1  CAS-PVC (the "Global Merch Action").  As of that date, there was only one entity

2  with the name "Global Merch Group, LLC," and that was the Nevada entity.

3       29.    Global Merch Group, LLC was served with the Complaint but failed to

4  respond, so on January 11, 2022, New High requested that the Clerk enter default

5  against Global Merch Group, LLC for failure to appear or otherwise respond to New

6  High's Complaint within the time prescribed by the Federal Rules of Civil

7  Procedure.

8       30.    On January 12, 2022, the Clerk entered default against Global Merch

9  Group, LLC.

10       31.    On February 23, 2022, New High filed a motion for default judgment

11  against Global Merch Group, LLC.  New High submitted a declaration attesting that

12  Global Merch Group, LLC was served by mail on February 23, 2022 with a copy of

13  its motion for default judgment.

14       32.    On March 14, 2022, Global Merch Group, LLC, through its counsel

15  Mr. Bowse, filed a motion to set aside default.

16       33.    After the matter was briefed and a hearing was held, on April 11, 2022,

17  Judge Snyder granted Global Merch Group, LLC's motion to set aside default, on

18  the express condition that Global Merch Group, LLC pay New High $7,500 in

19  reasonable attorneys' fees.  The Court's order stated "[T]he Court GRANTS

20  defendant's motion to set aside the default, on the condition that defendant pays the

21  $7,500 in reasonable attorneys' fees that plaintiff incurred in drafting the motion for

22  default judgment and opposing defendant's motion to set aside default."  The Court

23  ordered Global Merch Group, LLC to pay New High that amount "on or before

24  April 25, 2022."

25       34.    However, Global Merch Group, LLC never paid the $7,500 to New

26  High.

27       35.    On May 16, 2022, Judge Snyder ordered Global Merch Group, LLC to

28  show cause, on or before May 23, 2022, why default judgment against it should not

8

**FIRST AMENDED COUNTERCLAIMS**

1  be entered as a result of its failure to pay the Court-imposed attorney fee award on
2  or before the Court-ordered deadline.

3      36.    However, Global Merch Group, LLC failed to file a response to the
4  Court's May 16, 2022 Order by the May 23, 2022 deadline.

5      37.    On June 8, 2022, Judge Snyder ordered New High to file and serve
6  supplemental information to support its claim for damages, attorneys' fees, and
7  costs on or before July 5, 2022.

8      38.    On June 24, 2022, in response to the Court's June 8, 2022 order, New
9  High submitted a supplemental statement of damages ("Supplemental Damages
10 Statement") in support of its motion for default judgment and served the
11 Supplemental Damages Statement on Global Merch Group, LLC and its counsel.

12     39.    Global Merch Group, LLC failed to respond to New High's
13 Supplemental Damages Statement and, on July 21, 2022, Judge Snyder entered a
14 minute order granting New High's Motion for Default Judgment.

15     40.    On July 27, 2022, Judge Snyder entered a Judgment against Global
16 Merch Group, LLC in the amount of $2,541,205.86 (the "Global Merch Judgment").

17     41.    On August 26, 2022, Global Merch Group, LLC filed a motion to
18 vacate, asking Judge Snyder to vacate the Global Merch Judgment.

19     42.    On September 2, 2022, New High filed an opposition to Global Merch
20 Group, LLC's Motion to Vacate.

21     43.    On September 22, 2022, Judge Snyder entered a minute order denying
22 Global Merch Group, LLC's Motion to Vacate the Global Merch Judgment.

23 **POST-JUDGMENT DISCOVERY REVEALS THAT COUNTER-**
24 **DEFENDANTS SIPHONED MILLIONS OF DOLLARS FROM GLOBAL**
25 **MERCH'S BANK ACCOUNT**

26     44.    Following entry of the Global Merch Judgment, New High served a
27 subpoena on Wells Fargo Bank, N.A. ("Wells Fargo"), seeking documents and bank
28 statements related to Global Merch Group, LLC's bank accounts.  Wells Fargo

9

**FIRST AMENDED COUNTERCLAIMS**

1  produced responsive documents on September 14, 2022 (the Global Merch Wells

2  Fargo Account documents, as referenced above), and the documents produced by

3  Wells Fargo demonstrate a disturbing pattern of conduct by Counter-Defendants, as

4  summarized below.

5        45.    The Global Merch Wells Fargo Account statements show that during

6  the months leading up to Global Merch Group, LLC's defaults, Guez began to use

7  the Global Merch Wells Fargo Account as his personal ATM, making large cash

8  payments to himself, including a payment of $92,000.00 on August 19, 2020, and

9  another transfer of $119,000.00 the following day.

10        46.    Then, in February 2021, at the same time that Global Merch Group,

11  LLC stopped paying New High's Invoices, Global Med and Guez were

12  systematically siphoning millions of dollars from the Global Merch Wells Fargo

13  Account to their own accounts.

14        47.    For example, on February 3, 2021, the sum of $44,000.00 was

15  transferred out of the Global Merch Wells Fargo Account to a "Global Med Group"

16  account at First Republic Bank.

17        48.    Then, on February 18, 2021, a payment in the amount of $413,869.99

18  from "Tjxcompanies, Inc." payable to Global Merch Group was deposited into the

19  Global Merch Wells Fargo Account.  Immediately after that deposit was received,

20  also on February 18, 2021, the sum of $470,000 was transferred out of that account

21  to a "Global Med Group" account at First Republic Bank.

22        49.    Then, on March 11, 2021, a payment in the amount of $905,719.79

23  from "Tjxcompanies, Inc." payable to Global Merch Group was deposited into the

24  Global Merch Wells Fargo Account.  Immediately after that deposit was received,

25  also on March 11, 2021, the sum of $930,000.00 was transferred out of that account

26  to a "Global Med Group" account at First Republic Bank.

27        50.    On March 19, 2021, a payment in the amount of $62,978.05 from "CT

28  Mfg LLC" was deposited into the Global Merch Wells Fargo Account.  Immediately

**FIRST AMENDED COUNTERCLAIMS**

1  after that deposit was received, also on March 19, 2021, the sum of $75,000.00 was

2  transferred out of that account to a "Global Med Group" account at First Republic

3  Bank.

4      51.    On March 22, 2021, a payment in the amount of $555,635.55 from

5  "Tjxcompanies, Inc." payable to Global Merch Group was deposited into the Global

6  Merch Wells Fargo Account.  Immediately after that deposit was received, also on

7  March 22, 2021, the sum of $545,000.00 was transferred out of that account to a

8  "Global Med Group" account at First Republic Bank.

9      52.    Thus, in a matter of weeks after Global Merch Group, LLC stopped

10  paying New High's invoices, more than two million dollars ($2,064,000.00) was

11  siphoned into Global Med's bank account.

12      53.    The transfer from Global Merch Group, LLC's account to Global Med

13  continued.  In the ensuing 12 months, more than $3.6 million in additional transfers

14  were made from the Global Merch Wells Fargo Account to the Global Med account

15  at First Republic Bank, while Global Merch Group, LLC was refusing to pay the

16  amounts it owed to New High.

17      54.    The Global Merch Wells Fargo Account Statements also reveal that

18  Counter-Defendants siphoned off nearly a half a million dollars to Counter-

19  Defendant Mapleton's account at First Republic Bank. Over the period of April 6,

20  2022 to July 29, 2022, 33 transfers were made from the Global Merch Wells Fargo

21  Account to Mapleton's California account at First Republic Bank, which transfers

22  totaled $494,700.00. The following chart displays the date and amount for each

23  transfer:

24              ***Global Merch Transfers to Mapleton Capital, LLC***

| Date | Withdrawal Amount |
|------|-------------------|
| April 6, 2022 | $2500.00 |
| April 6, 2022 | $700.00 |

28

**FIRST AMENDED COUNTERCLAIMS**

| | |
|---|---|
| April 19, 2022 | $18,000.00 |
| April 26, 2022 | $30,000.00 |
| April 27, 2022 | $31,000.00 |
| April 27, 2022 | $20,000.00 |
| May 2, 2022 | $13,000.00 |
| May 3, 2022 | $31,000.00 |
| May 3, 2022 | $14,000.00 |
| May 4, 2022 | $11,000.00 |
| May 10, 2022 | $19,000.00 |
| May 11, 2022 | $4,000.00 |
| May 17, 2022 | $9,000.00 |
| May 18, 2022 | $31,000.00 |
| May 20, 2022 | $12,500.00 |
| May 24, 2022 | $7,200.00 |
| May 27, 2022 | $12,000.00 |
| June 1, 2022 | $10,000.00 |
| June 3, 2022 | $8,800.00 |
| June 3, 2022 | $20,000.00 |
| June 7, 2022 | $4,000.00 |
| June 9, 2022 | $5,000.00 |
| June 15, 2022 | $10,000.00 |
| June 16, 2022 | $45,000.00 |
| June 28, 2022 | $32,000.00 |
| July 1, 2022 | $5,000.00 |
| July 12, 2022 | $30,000.00 |
| July 20, 2022 | $7,000.00 |
| July 22, 2022 | $5,000.00 |

**FIRST AMENDED COUNTERCLAIMS**

| | |
|---|---|
| July 26, 2022 | $13,000.00 |
| July 28, 2022 | $24,000.00 |
| July 29, 2022 | $10,000.00 |

55.     Guez also used the Global Merch Wells Fargo Account as his own personal bank account, including using the account to pay for his Audi automobile, a Peloton membership, purchases from CVS, and numerous trips to places like Krispy Kreme, Yogurtland, Shake Shack, In-N-Out Burger and similar establishments.

56.     By July 31, 2022, the Global Merch Wells Fargo Account was virtually cleaned out, leaving a balance of $167.54.

## **FIRST CLAIM FOR RELIEF**

### **(Promissory Fraud)**

### **(By New High against Global Med, Guez and Bosilcic)**

57.     Counterclaimant realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 56 above, as though fully set forth herein.

58.     Beginning in December 2020, Counter-Defendant Global Med, using the name Global Merch Group, LLC, and acting at the direction and under the control of Guez and Bosilcic, induced New High to enter into a series of written contracts.  The written agreements were created by the issuance of the purchase orders listed on Exhibit A hereto, which were accepted and performed by New High and which were the subject of invoices issued by New High but not paid, resulting in the unpaid balances also reflected on Exhibit A.

59.     When Guez, Bosilcic and Global Med entered into the contracts referenced in the preceding paragraph and listed on Exhibit A, they did not intend to perform their payment obligations under the contracts, and instead of paying New High for the goods New High provided under the contracts, they planned to siphon funds from the Global Merch Wells Fargo Account to their own benefit.

13

**FIRST AMENDED COUNTERCLAIMS**

60.    Counter-Defendants entered into the contracts with the intent to induce New High to supply the goods referenced in the purchase orders.

61.    New High, at the time the contracts were made and performed by New High, was ignorant of Counter-Defendants' secret intention not to pay for the goods ordered from and delivered by New High, and New High could not, in the exercise of reasonable diligence, have discovered Counter-Defendants' secret intention.

62.    In reliance on the purchase orders and promises of Counter-Defendants, New High delivered the ordered goods as directed in the purchase orders, *i.e.*, to Global Merch Group, LLC at the Global Merch Address, and New High submitted invoices in accordance with each of the purchase orders.

63.    Had New High known that Counter-Defendants secretly intended to accept the goods and not pay the invoices, New High would not have delivered the goods.

64.    As a direct and proximate result of the fraudulent conduct of Counter-Defendants as herein alleged, New High delivered goods for which it was intentionally not paid, resulting in damages in an amount to be proved at trial but at least $2,541,205.86, exclusive of additional interest and attorneys' fees.

65.    The aforementioned conduct of Counter-Defendants was, for each purchase order, an intentional misrepresentation, deceit, or concealment of a material fact known to Counter-Defendants with the intention on the part of Counter-Defendants of thereby depriving New High of property or legal rights or otherwise causing injury, and was despicable conduct that subjected New High to a cruel and unjust hardship in conscious disregard of New High's rights, so as to justify an award of exemplary and punitive damages.

/ / /

/ / /

/ / /

/ / /

14

**FIRST AMENDED COUNTERCLAIMS**

## SECOND CLAIM FOR RELIEF

### (Fraudulent Transfer (Cal. Civ. Code § 3439.04(a)))

### (By New High against Global Med, Guez, Bosilcic, and Mapleton)

66.    Counterclaimant realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 65 above, as though fully set forth herein.

67.    As alleged above, in a matter of weeks after Guez and Bosilcic stopped authorizing payment of New High's invoices sent to "Global Merch Group, LLC," and after there was indisputably a debt owed to New High, more than two million dollars ($2,064,000.00) was siphoned from the Global Merch Wells Fargo Account into Global Med's bank account.  In the ensuing 12 months, more than $3.6 million in additional transfers were made from the Global Merch Wells Fargo Account to the Global Med account at First Republic Bank while Guez and Bosilcic were refusing to pay New High's invoices to "Global Merch Group, LLC." Further, during the months of April, 2022 through July, 2022, another $494,700.00 in transfers were made from the Global Merch Wells Fargo Account to the Mapleton Account at First Republic Bank.

68.    New High is informed and believes and, on that basis, alleges that the transfers of money from the Global Merch Wells Fargo Account to Global Med and Mapleton were made at the direction of Guez and Bosilcic and with an actual intent to hinder, delay, or defraud New High in the collection of the amounts due under New High's invoices issued to "Global Merch Group, LLC."

69.    New High is informed and believes and, on that basis, alleges that no reasonably equivalent value was given in exchange for the transfer of funds from the Global Merch Wells Fargo Account to Global Med or Mapleton, and that following the transfers, the entity Guez and Bosilcic represented as "Global Merch Group, LLC" was rendered insolvent.

70.    New High is informed and believes and, on that basis, alleges that Global Med and Mapleton, being controlled by Guez and Bosilcic, the same

15

**FIRST AMENDED COUNTERCLAIMS**

1   individuals who orchestrated and directed the transfers, had actual knowledge that

2   the transfers were made with the intent to hinder, delay, or defraud the collection of

3   New High's debts arising from the invoices issued to "Global Merch Group, LLC."

4       71.    As a direct and proximate result of Counter-Defendants' conduct, New

5   High was damaged in an amount to be proved at trial but at least $2,541,205.86, the

6   amount of the Global Merch Judgment that was rendered uncollectable due to

7   Counter-Defendants' conduct.

8       72.    The aforementioned conduct of Global Med, Guez, Bosilcic and

9   Mapleton was done with the intention on the part of Global Med, Guez, Bosilcic and

10  Mapleton of thereby depriving New High of property or legal rights or otherwise

11  causing injury, and was despicable conduct that subjected New High to a cruel and

12  unjust hardship in conscious disregard of New High's rights, so as to justify an

13  award of exemplary and punitive damages.

14                    **THIRD CLAIM FOR RELIEF**

15              **(Conspiracy to Commit Fraudulent Transfers)**

16      **(By New High against Global Med, Guez, Bosilcic, and Mapleton)**

17      73.    Counterclaimant realleges and incorporates by reference the allegations

18  set forth in Paragraphs 1 through 72 above, as though fully set forth herein.

19      74.    As alleged above, during the time period between February 2021 and

20  May 2022, Counter-Defendants Global Med, Guez and Bosilcic agreed and

21  knowingly and willfully conspired among themselves to cause funds in the Global

22  Merch Wells Fargo Account to be transferred to Global Med's bank account for the

23  specific purpose of hindering, delaying, and defrauding New High in its efforts to

24  collect on the debts owed to it under the invoices issued to Global Merch Group,

25  LLC.  Likewise, during the time period between April 2022 and July 2022, Counter-

26  Defendants Global Med, Guez, Bosilcic, and Mapleton agreed and knowingly and

27  willfully conspired among themselves to cause funds in the Global Merch Wells

28  Fargo Account to be transferred to Mapleton's account for the specific purpose of

**FIRST AMENDED COUNTERCLAIMS**

1  hindering, delaying, and defrauding New High in its efforts to collect on the debts

2  owed to it under the invoices issued to Global Merch Group, LLC.

3      75.    In furtherance of this conspiracy, Guez and Bosilcic transferred more

4  than $5.6 million from the Global Merch Wells Fargo Account to Global Med,

5  Mapleton and to themselves for the specific purpose of hindering, delaying, and

6  defrauding New High in the collection of the debts owed under the invoices issued

7  by New High to Global Merch Group, LLC.

8      76.    Counter-Defendants Global Med, Guez, Bosilcic and Mapleton did the

9  acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and

10  agreement alleged above.

11      77.    As a proximate result of the wrongful acts herein alleged, New High

12  has been generally damaged in a sum in excess of $2,541,205.86, to be proved at

13  trial.

14      78.    At all times mentioned herein, Counter-Defendants Global Med, Guez,

15  Bosilcic and Mapleton knew that money was owed to New High under the invoices

16  issued to Global Merch Group, LLC, and they knew that New High's debts could

17  only be satisfied out of the property transferred from the Global Merch Wells Fargo

18  Account to Global Med and Mapleton.  Notwithstanding this knowledge, Counter-

19  Defendants Global Med, Guez, Bosilcic and Mapleton willfully, fraudulently, and

20  maliciously did the things herein alleged to defraud and oppress New High.  New

21  High is therefore entitled to exemplary or punitive damages.

22                          **FOURTH CLAIM FOR RELIEF**

23             **(Breach of Written Contracts – Alter Ego Liability)**

24        **(By New High against Global Med, Guez, Bosilcic, and Delfern)**

25      79.    Counterclaimant realleges and incorporates by reference the allegations

26  set forth in Paragraphs 1 through 78 above, as though fully set forth herein

27      80.    Counter-Defendants Guez, Bosilcic, and Global Med issued written

28  purchase orders to New High using the name Global Merch Group, LLC.  In fact,

**FIRST AMENDED COUNTERCLAIMS**

1   unbeknownst to New High, no such entity existed at the time the purchase orders

2   were issued.  The name "Global Merch Group, LLC" was actually nothing more

3   than a fictitious name used by Guez, Bosilcic, and Global Med to conduct business

4   for their personal benefit, as evidenced by the following:

5          (a)    When Guez and Bosilcic changed the name of Global Merch

6   Group, LLC to Global Med Group, LLC with the Texas Secretary of State, they

7   continued to use the name "Global Merch Group, LLC" in the purchase orders

8   issued to New High;

9          (b)    Guez and Bosilcic continued to use the Global Merch Wells

10  Fargo Account to transact business when there was no entity known as "Global

11  Merch Group, LLC;"

12         (c)    Guez and Bosilcic used the Global Merch Wells Fargo Account

13  to pay their personal expenses like auto payments, Peloton memberships and other

14  expenses that are indisputably personal;

15         (d)    Guez, Bosilcic and Global Med used the Global Merch Wells

16  Fargo Account to funnel money received for transactions purportedly done on

17  behalf of Global Merch Group, LLC to Global Med's account and, New High is

18  informed and believes, ultimately to Guez and Bosilcic personally.

19         (e)    Global Med's principal place of business is the same address it

20  identified as the "Global Merch Group, LLC" address on the purchase orders;

21         (f)    There are overlapping owners, members and/or managers of

22  Global Merch Group, LLC and Global Med; and

23         (g)    Guez, Bosilcic and Global Med conspired with Delfern to create

24  a "new" entity known as Global Merch Group, LLC in Nevada for the purpose of

25  concealing and confusing the actions listed above and to use the new entity to

26  assume all the debts and obligations while Guez, Bosilcic and Global Med

27  continued to abscond with all the assets for their personal benefit.

28

18

**FIRST AMENDED COUNTERCLAIMS**

81.    After receiving the purchase orders, New High shipped goods to the Global Merch Address set forth in the purchase orders, and New High provided an invoice that included information about the number of pieces shipped, a specific description of the goods, the unit price and total amount due, and payment instructions.

82.    Beginning with New High's invoices issued in February 2021 and thereafter, New High received no payment on its invoices except for a small fraction of the invoices, for which New High received partial payments.

83.    New High did not receive payment of the amounts due for sales of the apparel and PPE delivered to the Global Merch Address in accordance with the purchase orders issued by Guez and Bosilcic in the amount of $1,451,168.49, exclusive of interest and costs.

84.    Guez and Bosilcic, purporting to act on behalf of Global Merch Group, LLC, also wrongfully cancelled purchases for goods with an agreed value of $176,797.70 after the goods were produced by New High and identified to contracts with Global Merch Group, LLC.

85.    In July 2021, Guez and Bosilcic issued purchase orders (again, the "WIP Purchase Orders") to New High, purportedly on behalf of Global Merch Group, LLC, for additional apparel with a value of $672,470.80 (again, the "WIP Goods"). Like the prior purchase orders, the WIP Purchase Orders identified Bosilcic as "Buyer" and ordered delivery of the goods to "Global Merch Group, LLC" at the Global Merch Address.

86.    Following New High's receipt of the WIP Purchase Orders, the WIP Goods were identified to the contracts with Global Merch Group, LLC. The WIP Goods were custom goods made specially for Global Merch Group, LLC.

87.    New High made multiple written demands on Global Merch Group, LLC to pay the balances due for the apparel and PPE that had been delivered to Global Merch Group, LLC. Neither Global Merch Group, LLC, Guez or Bosilcic

19

1  ever disputed any of New High's invoices.  New High's last payment demand was

2  made on November 2, 2021, but Global Merch continued to refuse to pay the

3  amounts due to New High.  New High then cancelled delivery of the WIP Goods

4  and made commercially customary efforts to resell the goods, but was unable to

5  resell the goods.

6       88.    New High has fully performed its obligations under the purchase orders

7  except for such obligations as were excused by Global Merch Group, LLC's and

8  Counter-Defendants' breaches.  Neither Guez, Bosilcic or anyone purporting to act

9  on behalf of Global Med or Global Merch Group, LLC ever objected to or disputed

10  in any way, the invoices or the amounts due as reflected in the invoices, but the

11  invoices have not been paid.

12       89.    As a direct and proximate result of Global Merch Group, LLC's and

13  Counter-Defendants' breaches, New High has been damaged in the amount of each

14  of the invoices for goods that have been delivered, in an amount to be proved at trial

15  but at least $2,541,205.86, exclusive of interest and costs.

16       90.    As alleged above, there is such unity of interest and ownership that the

17  separate personalities of Global Merch Group, LLC, Global Med, Guez, Bosilcic,

18  and Delfern no longer exist and, if the acts are treated as those of Global Merch

19  Group, LLC alone, an inequitable result will follow.

20       91.    Counter-Defendants are therefore jointly and severally liable for the

21  amounts due to New High as alter egos of Global Merch Group, LLC.

22                **FIFTH CLAIM FOR RELIEF**

23           **(Account Stated – Alter Ego Liability)**

24       **(By New High against All Counter-Defendants)**

25       92.    Counterclaimant realleges and incorporates by reference the allegations

26  set forth in Paragraphs 1 through 91 above, as though fully set forth herein.

27       93.    On or about October 29, 2021, an account was stated in writing by and

28  between Global Merch Group, LLC and New High, and on such statement a balance

**FIRST AMENDED COUNTERCLAIMS**

1    of $1,451,168.49 was found to be due to New High from Global Merch Group,

2    LLC.

3         94.    Further, an account was stated for each of the invoices New High sent

4    to Global Merch Group, LLC, which Global Merch Group, LLC never objected to

5    or disputed any part of the written account stated.

6         95.    Although demanded by New High from Global Merch Group, LLC,

7    neither all nor any part of the agreed balance has been paid.

8         96.    There is now due, owing, and unpaid from Global Merch Group, LLC

9    to New High the sum of $1,451,168.49, together with interest thereon at the rate of

10   ten percent (10%) per year from and after the date the account was stated.

11        97.    As alleged above, there is such unity of interest and ownership that the

12   separate personalities of Global Merch Group, LLC, Global Med, Guez, Bosilcic,

13   Delfern, LLC and Mapleton no longer exist, and if the acts are treated as those of

14   Global Merch Group, LLC alone, an inequitable result will follow.

15        98.    Counter-Defendants are therefore jointly and severally liable for the

16   amounts due to New High as alter egos of Global Merch Group, LLC.

17                              **SIXTH CLAIM FOR RELIEF**

18                 **(Goods Sold and Delivered – Alter Ego Liability)**

19                 **(By New High against All Counter-Defendants)**

20        99.    Counterclaimant realleges and incorporates by reference the allegations

21   set forth in Paragraphs 1 through 98 above, as though fully set forth herein.

22        100.    During the past two years, in Vernon, California, Global Merch Group,

23   LLC became indebted to New High in the sum of $1,451,168.49 for goods sold and

24   delivered at a fixed price.

25        101.    New High has repeatedly demanded payment from Global Merch

26   Group, LLC.  The last demand was made on November 2, 2021.

27        102.    The value of the goods sold and delivered by New High to Global

28   Merch Group, LLC is $1,451,168.49, but Global Merch Group, LLC has failed to

**FIRST AMENDED COUNTERCLAIMS**

1  pay that sum or any part of it, leaving the full balance, with interest on that amount
2  at the rate of ten percent per year from and after October 29, 2021.
3      103.    As alleged above, there is such unity of interest and ownership that the
4  separate personalities of Global Merch Group, LLC, Global Med, Guez, Bosilcic,
5  Delfern, LLC and Mapleton inclusive, no longer exist, and if the acts are treated as
6  those of Global Merch Group, LLC alone, an inequitable result will follow.
7      104.    Counter-Defendants are therefore jointly and severally liable for the
8  amounts due to New High as alter egos of Global Merch Group, LLC.
9                                **PRAYER**
10     WHEREFORE, Counterclaimant prays for judgment against Counter-
11  Defendants as follows:
12     1.    That Judgment be entered in favor of Counterclaimant and against
13  Counter-Defendants on all Counterclaims alleged herein;
14     2.    For compensatory damages in an amount to be proved at trial, but in
15  excess of $2,541,205.86, exclusive of interest and costs;
16     3.    For punitive damages to be proven at trial;
17     4.    For provisional remedies, including a right to attach order and writ of
18  attachment;
19     5.    For prejudgment interest;
20     6.    For costs of suit herein and attorneys' fees as allowed by law, including
21  but not limited to pursuant to Cal. Civ. Code § 1717.5; and
22     7.    For any further relief that the Court may deem just and proper.
23
24  Dated: November 30, 2022          ONE LLP
25
26                                By: /s/ Lawrence J. Hilton
27                                    Lawrence J. Hilton
                                      Alec P. Schulman
28

22
**FIRST AMENDED COUNTERCLAIMS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Defendant and
Counterclaimant,
New High Limited

**FIRST AMENDED COUNTERCLAIMS**

1

## DEMAND FOR JURY TRIAL

2          Counterclaimant hereby demands a trial by jury as to all claims and all issues

3    properly triable thereby.

4

5    Dated: November 30, 2022               **ONE LLP**

6

7                                           By: /s/ Lawrence J. Hilton
                                                Lawrence J. Hilton
8                                               Alec P. Schulman
                                                Attorneys for Defendant and
9                                               Counterclaimant,
                                                New High Limited
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COUNTERCLAIMS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 15030 Ventura Blvd., Suite 527, Los Angeles, California 91403.

A true and correct copy of the foregoing document entitled Trustee's Motion for Dismissal of Case will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.      TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 13, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Michael Andrew Bowse | mbowse@bowselawgroup.com, michael_bowse@yahoo.com |
| Carolyn A Dye (TR) | trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com |
| Lawrence J Hilton | lhilton@onellp.com, lthomas@onellp.com, info@onellp.com, nlichtenberger@onellp.com, alooper@onellp.com, jburr@onellp.com |
| Dare Law | dare.law@usdoj.gov, ron.maroko@usdoj.gov |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

☐      Service information continued on attached page

**2.      SERVED BY UNITED STATES MAIL:** On April 13, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Global Merch Group LLC
6671 S Las Vegas Blvd.
Suite D210
Las Vegas, NV 89119

☐      Service information continued on attached page

**3.      SERVED BY PERSONAL DELIVERY - N/A:** Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____, 2023, I arranged for service on the following person as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 13, 2023

_____
Karissa De La Trinidad

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1. PROOF OF SERVICE**