1  Michael A. Bowse (SBN 189659)
   mbowse@bowselawgroup.com
2  BOWSE LAW GROUP, A.P.C.
   811 Wilshire Blvd., 17th Floor
3  Los Angeles, CA 90017
   Phone/Fax: (213) 344-4700
4
   Attorney for Debtor
5  Global Merch Group, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| In re: | Case No. 2:22−bk−16624−WB |
|---|---|
| GLOBAL MERCH GROUP, LLC, | Chapter 11 |
| Debtor. | **DEBTOR'S OPPOSITION TO MOTION TO DISMISS; DECLARATION IN SUPPORT; EXHIBITS 1-2** |
| | Petition filed: Dec. 5, 2022 |
| | Requested New Deadline: Jan. 6, 2023 |

OPPOSITION TO MOTION TO DISMISS CASE

1   Debtor Global Merch Group, LLC strenuously opposes the Trustee's motion to dismiss. That motion is based on a misunderstanding of the true facts underlying this proceeding – particularly the existence creditors with claims against the Debtor. The Trustee is confusing (or conflating) two separate lawsuits against two separate entities. One of those lawsuits (not referenced in the Trustee's motion) was against Debtor and has already resulted in a $2,541,205.86 judgment against Debtor. The other lawsuit (the one referenced in the Trustee's motion) is a separate proceeding to which Debtor is not a party at all.

Debtor is a <u>Nevada</u> entity formed pursuant to that state's laws on August 5, 2021. Debtor's principal creditor – New High Ltd. – obtained a judgment against Debtor from the District Court for the Central District of California on July 26, 2022. The amount of that judgment is $2,541,205.86. *See* Ex. 1 hereto (Judgment in C.D. Cal. Case No. 2:21-cv-09608-CAS-PVC). That judgment was sought and obtained against Debtor and no other person or entity. *See* Ex. 2 hereto (Complaint in 2:21-cv-09608-CAS-PVC), at ¶5 ("Global Merch Group, LLC … is a limited liability company organized and existing under the laws of the State of Nevada….") That judgment drove Debtor's bankruptcy petition.

Although there is a <u>Texas</u> entity now named Global Med Group, LLC that was originally formed as Global Merch Group, LLC, it and Debtor are different entities, formed in different states (Texas vs. Nevada). Likewise, although there is a pending counterclaim by New High Ltd. against that entity, that counterclaim is not the basis for Debtor's bankruptcy petition. Debtor is not even a party in that action. The Counterclaim referred to in the Trustee's motion is against <u>the Texas entity named Global Med Group, LLC</u>, not Debtor (the Nevada entity). *See* Ex. B to Trustee's Motion (Counterclaim in C.D. Cal. Case No. 2:22-cv-06031-CAS-PVC) at ¶5 ("Counter-Defendant Global Med Group, LLC … is a limited liability company organized under the laws of the State of Texas….")

Indeed, New High made clear in its lawsuit against Debtor that its claims in

that lawsuit were directed against Debtor <u>not</u> the Texas entity, Global Med Group, LLC. *See* Ex. 2 hereto, at ¶6 ("Purchase Orders for PPE were issued under the name of Merch's affiliate, Global Med Group, LLC, but the PPE was delivered to Merch and invoiced to Merch" [New High defined "Merch" to mean Debtor, the Nevada entity named Global Merch Group, LLC. *See id.* at ¶5]).

Thus, the Trustee is mistaken that Debtor has no scheduled creditors. While it is true that Debtor is not a party to the Counterclaim referenced in the Trustee's motion, that Counterclaim was not the basis for Debtor's bankruptcy petition. Rather, the basis for Debtor's petition is the $2,541,205.86 judgment New High obtained in its separate lawsuit against Debtor.

Debtor is in the process of preparing tax returns for tax years 2021 and 2022. Those returns should be complete and filed within the next few weeks. Once they are filed, copies will be provided to the Trustee.

DATED: May 17, 2023

BOWSE LAW GROUP, A.P.C.

By:  /s/ Michael A. Bowse
    Michael A. Bowse

Attorney for Debtor Global Merch Group, LLC

## DECLARATION OF MICHAEL A. BOWSE

I, Michael A. Bowse, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am counsel for debtor Global Merch Group, LLC (a Nevada limited liability company) ("Debtor"). I am also the Executive General Counsel of the Debtor. I make this declaration based upon my own personal knowledge.

2. Debtor Global Merch Group, LLC is a Nevada limited liability company, formed under the laws of the State of Nevada on August 5, 2021. It is not now and never has been a Texas entity.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Judgment entered against Debtor in C.D. Cal. Case No. 2:21-cv-09608-CAS-PVC on July 26, 2022.

4. Attached hereto as Exhibit 2 is a true and correct copy of the complaint filed by New High Ltd. against Debtor in C.D. Cal. Case No. 2:21-cv-09608-CAS-PVC on December 10, 2021.

5. Debtor has not yet filed tax returns for tax years 2021 or 2022. Debtor is in the process of completing those returns and expects them to be filed within the next few weeks. When they are completed and filed, copies will be provided to the Trustee.

Executed this 17th day of May, 2023, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Michael A. Bowse
Michael A. Bowse

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>GLOBAL MERCH GROUP, LLC, a Nevada limited liability company,<br><br>            Defendant. | Case No. 2:21-cv-09608-CAS-PVCx<br>Hon. Christina A. Snyder<br><br>**JUDGMENT BY DEFAULT AS TO DEFENDANT GLOBAL MERCH GROUP, LLC** |

Based upon the Court's full consideration of the record including the Complaint, the pleadings, memoranda, declarations and moving papers in support of Plaintiff New High Limited's ("Plaintiff") Motion for Default against Defendant Global Merch Group, LLC ("Defendant"), the documents presented therein and throughout this action, and as set forth in full in the Court's Minute Order dated July 22, 2022 (Dkt. No. 26), the Court finds as follows:

**WHEREAS**, Defendant was properly served in this action but has not responded to the Complaint;

1     **WHEREAS**, Plaintiff has met all the conditions necessary for entry of default

2 judgment pursuant to Federal Rules of Civil Procedure 55 and Local Rule 55; and

3     **WHEREAS**, based on the pleadings, evidence, and papers submitted,

4 Plaintiff is entitled to damages for its causes of action for (1) breach of the

5 agreements created by Defendant's purchase orders, Plaintiff's invoices and goods

6 properly identified to the parties' agreements; (2) account stated; and (3) goods sold

7 and delivered;

8     **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows**:**

9     The Motion for Default Judgment is hereby granted, and Default Judgment is

10 entered in favor of New High Limited against Global Merch Group in the sum of

11 $2,539,603.86.

12     New High Limited is also awarded its attorneys' fees in the amount of

13 $1,200.00 pursuant to Cal. Civ. Proc. Code section 1717.5(a), and costs in the

14 amount of $402.00. Accordingly, the total amount awarded to New High Limited is

15 $2,541,205.86

16     **IT IS SO ORDERED.**

17

18 Date: <u>July 26, 2022</u>

19                                                 Hon. Christina A. Snyder

20                                                 United States District Judge

21

22

23

24

25

26

27

28

# EXHIBIT 2

LAWRENCE J. HILTON (Bar No. 156524)
Email: lhilton@onellp.com
ROBERT D. HUNT (Bar No. 247802)
Email: rhunt@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
NEW HIGH LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL MERCH GROUP, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) BREACH OF CONTRACT;**<br>**(2) ACCOUNT STATED; AND**<br>**(3) GOODS SOLD AND DELIVERED**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

For its complaint against Defendant Global Merch Group, LLC, Plaintiff New High Limited ("Plaintiff" or "New High") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) in that the action involves a plaintiff that is a citizen of a foreign state, Hong Kong, and a Defendant is a citizen of a State of the United States. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. This Court has personal jurisdiction over Defendant because Defendant resides in this District.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) in that Defendant resides in this District. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

4. Plaintiff New High Limited is a corporation organized and existing under the laws of Hong Kong and having its principal place of business in Hong Kong. New High is in the business of selling apparel and personal protective equipment ("PPE"), including the exportation of apparel and PPE into the United States and into the State of California.

5. Plaintiff is informed and believes and, on that basis, alleges that Defendant Global Merch Group, LLC ("Merch") is a limited liability company organized and existing under the laws of the State of Nevada, having its principal place of business in Las Vegas, Nevada. Plaintiff is informed and believes, and on that basis alleges, that all of Merch's members maintain their domicile in one or more States of the United States.

///
///

2
COMPLAINT

# GENERAL ALLEGATIONS

6. New High began selling and shipping products to Merch in January 2020. For each transaction involving apparel, Merch would issue a Purchase Order. Purchase Orders for PPE were issued under the name of Merch's affiliate, Global Med Group, LLC, but the PPE was delivered to Merch and invoiced to Merch. Each of the Purchase Orders included a description of the garments or PPE, the quantities, the unit price and the total price.

7. Each time New High shipped products to Merch, New High provided Merch with an invoice that included information about the number of pieces shipped, a specific description of the goods, the unit price and total amount due, and payment instructions.

8. Merch has failed to pay the amounts due for sales of the apparel and PPE delivered to Merch in the current amount of $1,451,168.49, exclusive of interest and costs. The amount currently due and owing for apparel delivered to Merch is $965,515.74, exclusive of interest and costs. The amount currently due for PPE delivered to Merch is $485,652.75, exclusive of interest and costs.

9. Merch has also wrongfully cancelled purchases for goods with an agreed value of $176,797.50 after the goods were produced by New High and identified to contracts with Merch.

10. In July 2021, Merch issued Purchase Orders for additional apparel with a value of $688,670.55, which apparel is currently being produced by New High (the "WIP Goods") and has been identified to the contracts with Merch.

## FIRST CLAIM FOR RELIEF

### (Breach of Written Contracts)

11. Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 10, inclusive.

12. Merch ordered goods from New High and issued written Purchase Orders reflecting its orders.

13. New High shipped certain of the goods to Merch and issued written invoices for the goods it shipped. Each Invoice reflects the amounts are due. The WIP Goods were specially ordered, and production is in progress.

14. Merch cancelled orders for goods after the goods had been produced by New High and identified to contracts with Merch.

15. New High has fully performed its obligations under the Purchase Orders except for such obligations as were excused by Defendant's breach. Merch did not timely (or ever) object to or dispute in any way, the Invoices or the amounts due as reflected in the Invoices.

16. Nevertheless, Merch has breached each of the Invoices by failing to pay the amounts due.

17. As a direct and proximate result of Merch's breach, New High has been damaged in the amount of each of the Invoices for goods that have been delivered, in an amount to be proved at trial but at least $1,451,168.49, plus the value of the WIP Goods that are in process and the value of the goods for which Merch wrongfully cancelled the orders after the goods were produced, together with any recoverable incidental damages less any expenses saved in consequence of Merch's breach in an amount to be proved at trial, plus interest, costs, attorneys' fees and such other sums as may be proved at trial.

## SECOND CLAIM FOR RELIEF

### (Account Stated)

18. Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraph 1 through 17, inclusive.

/ / /

/ / /

4
COMPLAINT

19. On or about October 29, 2021, an account was stated in writing by and between Merch and New High, and on such statement a balance of $1,451,168.49 was found to be due to New High from Merch.

20. Further, an account was stated for each of the invoices New High sent to Merch, which Merch never objected to or disputed any part of the written account stated.

21. Although demanded by New High from Merch, neither all nor any part of the agreed balance has been paid.

22. There is now due, owing, and unpaid from Merch to New High the sum of $1,451,168.49, together with interest thereon at the rate of ten percent (10%) per year from and after the date the account was stated.

## THIRD CLAIM FOR RELIEF

### (Goods Sold and Delivered)

23. Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraph 1 through 22, inclusive.

24. During the past two years, at Vernon, California, Defendant Merch became indebted to New High in the sum of $1,451,168.49 for goods sold and delivered at a fixed price.

25. New High has repeatedly demanded payment from Merch. The last demand was made on October 1, 2021.

26. The value of the goods sold and delivered by New High to Merch is $1,451,168.49, but Merch has failed to pay that sum or any part of it, leaving the full balance, with interest on that amount at the rate of percent per year from and after October 29, 2021.

/ / /

/ / /

/ / /

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Court enter judgment in favor of Plaintiff and against Defendant;

2. That the Court award Plaintiff compensatory damages for all amounts due and owing to Plaintiff for the goods produced for Merch, for goods sold and delivered to Merch and for damages incurred due to Merch's wrongful cancellation of Purchase Orders in an amount to be proved at trial but at least $2,316,636.54;

3. That the Court grant Plaintiff appropriate provisional relief, including a right to attach order and writ of attachment;

4. That the Court award Plaintiff prejudgment interest in the amount allowed by applicable law;

5. That the Court award Plaintiff its costs and reasonable attorneys' fees as allowed under applicable law; and

6. For such other and further relief as the Court deems just and proper.

Dated: December 10, 2021        **ONE LLP**

By: /s/ Lawrence J. Hilton
　　Lawrence J. Hilton
　　Robert D. Hunt
　　Attorneys for Plaintiff,
　　New High Limited

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues triable to a jury.

Dated: December 10, 2021            **ONE LLP**

By: /s/ Lawrence J. Hilton
    Lawrence J. Hilton
    Robert D. Hunt
    Attorneys for Plaintiff,
    New High Limited

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 811 Wilshire Blvd., 17th Floor, Los Angeles, California 90017

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO MOTION TO DISMISS; DECLARATION IN SUPPORT; EXHIBITS 1-2** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 17, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Dare Law                                                                                                              Counsel for U.S. Trustee
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Email: dare.law@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 17, 2023 | /s/ Michael A. Bowse |
|---|---|
| *Date* | Michael A. Bowse |

5